UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CR-24-450-R |
| | ) |
| ANTWON MONTRELL JACKSON, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is the Motion for Severance of Counts and Parties [Doc. No. 62] filed by Defendant Antwon Montrell Jackson, to which the government responded in opposition [Doc. No. 91].

Mr. Jackson and two co-defendants stand charged in 3-count Second Superseding Indictment [Doc. No. 67]. The initial Indictment [Doc. No. 1] charged Mr. Jackson and his co-defendant, Ms. Holland, with one count of Conspiracy to Commit Child Sex Trafficking and one count of Child Sex Trafficking. Subsequently, a Superseding Indictment [Doc. No. 47] was returned that added a third count charging Mr. Jackson and a new co-defendant, Ms. Jackson, with Obstruction of Sex Trafficking Enforcement. The Second Superseding Indictment, which made minor changes to Counts 1 and 3, was returned on February 20, 2025. Mr. Jackson now moves to sever his trial and to sever Count 3.

The Federal Rules of Criminal Procedure allow for joinder if the defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). However, "[i]f the

1

joinder of offenses or defendants in an indictment…appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). "Under this standard, a district court should grant a severance 'only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *United States v. Herrera*, No. CR-22-233-SLP, 2023 WL 4534365, at *1 (W.D. Okla. July 13, 2023) (quoting *United States v. Clark*, 717 F.3d 790, 818 (10th Cir. 2013)). The defendant "must make a strong showing of prejudice" which must be weighed "against the obviously important considerations of economy and expedition in judicial administration." *United States v. Peveto*, 881 F.2d 844, 857 (10th Cir. 1989) (quotation omitted). Further, there is "a presumption that co-conspirators in a conspiracy trial should be tried together." *Clark*, 717 F.3d at 817.

     Mr. Jackson first argues that severance is warranted because there is a danger of spillover prejudice that will prevent the jury from giving individualized, objective consideration to the case against each defendant. He contends that the evidence against him is comparatively slight, there is a real danger that evidence of acts by his co-defendants will be attributed to him, and a limiting instruction is not sufficient to cure the prejudice. However, "the nearly insuperable rule in this circuit is that 'a defendant cannot obtain severance simply by showing that the evidence against a co-defendant is more damaging than the evidence against herself.'" *United States v. Wardell*, 591 F.3d 1279, 1300 (10th Cir. 2009) (quoting *United States v. Dazey*, 403 F.3d 1147, 1165 (10th Cir. 2005)). And although the risk of prejudice from a joint trial may be heightened "[w]hen many

2

defendants are tried together in a complex case and they have markedly different degrees of culpability," *Zafiro v. United States*, 506 U.S. 534, 539 (1993), this case is "not so complex, the number of defendants so great, or the disparity in culpability of the defendants so extreme that severance [is] required." *United States v. Hardwell*, 80 F.3d 1471, 1487 (10th Cir.). This case only involves three defendants, the charges stem from the same limited set of facts, and, contrary to Mr. Jackson's description, the charged conduct does not suggest that he is dramatically less culpable than the co-defendants. *See also United States v. Caldwell*, 560 F.3d 1214, 1221 (10th Cir. 2009) ("We have said that Rule 14(a)'s prejudice standard requires a showing of actual prejudice, which is not satisfied merely by pointing to a "negative spill-over effect from damaging evidence presented against codefendants."); *United States v. Wacker,* 72 F.3d 1453, 1468 (10th Cir. 1995) ("To meet this burden, defendant must demonstrate actual prejudice and not merely a negative spill-over effect from damaging evidence presented against codefendants."). Further, at this point, there is no reason to conclude that a limiting instruction would be insufficient to cure any potential prejudice. *See Wardell*, 591 F.3d at 1301 (noting that limiting instructions "negated any risk of [spill-over] prejudice").

    Mr. Jackson next argues that the use of co-defendant statements or hearsay at a joint trial will compromise his rights under the Confrontation Clause of the Sixth Amendment. The government responds that, with one exception, any statements it anticipates being relevant against Mr. Jackson would be nontestimonial co-conspirator statements. Mr. Jackson has requested a *James* hearing regarding the admissibility of statements under the co-conspirator exception to the hearsay rule and the Court is in the process of scheduling

3

that hearing. If the Court finds evidence sufficient to establish a conspiracy existed and any particular Defendant was involved, co-conspirator statements in furtherance of the conspiracy would be non-testimonial, and thus, admissible. *See United States v. Patterson*, 713 F.3d 1237, 1247 (10th Cir. 2013) ("The admission of these two statements violated neither *Crawford* nor *Bruton* because both statements were made in furtherance of a conspiracy and were therefore nontestimonial."). As to the remaining statement, which the government concedes is subject to exclusion under *Bruton v. United States*, 391 U.S. 123 (1968), redacting the statement and providing an appropriate limiting instruction can be sufficient to protect a defendant's Sixth Amendment rights. *See United States v. Verduzco-Martinez,* 186 F.3d 1208, 1214 (10th Cir. 1999) ("We hold that where a defendant's name is replaced with a neutral pronoun or phrase there is no *Bruton* violation, providing that the incrimination of the defendant is only by reference to evidence other than the redacted statement and a limiting instruction is given to the jury."). The government has indicated that it will file a motion in limine if it intends on using any portion of the statement at trial. Accordingly, at this juncture, Mr. Jackson is not entitled to a severance based on his argument that co-defendant statements will violate his Sixth Amendment rights.

In a conspiracy trial where the "evidence overlaps and the offenses arise from the same series or acts or transactions," joinder is not only allowed, but preferred. *United States v. Scott*, 37 F.3d 1564, 1579 (10th Cir. 1994). That is the case here. Additionally, conducting separate trials would hinder judicial administration as the Court and witnesses would be required to conduct duplicate trials.

Mr. Jackson additionally requests that Count 3 be severed from Counts 1 and 2. Mr. Jackson contends that trying these counts together will permit the jury to be aware that Mr. Jackson has been detained for a significant period of time and that the charges in Count 3 are not relevant to the remaining counts. Count 3 alleges that Mr. Jackson and his co-defendant attempted to prevent a witness from testifying at trial. The charges in Count 3 "arise from connected transactions" and, moreover, the evidence for Counts 1 and 2 would likely be admissible in a trial for Count 3, and vice versa. *See United States v. Walker*, 104 F.3d 368 (10th Cir. 1996) ("[E]vidence of Cook's witness tampering would likely be admissible at trial to show his guilty knowledge on the drug charge, while evidence of the drug charge would likely be admissible to show his motive for engaging in witness tampering."). Under those circumstances, severance of the counts is not warranted.

Accordingly, Mr. Jackson's Motion for Severance of Counts and Parties [Doc. No. 62] is DENIED without prejudice.

IT IS SO ORDERED this 10th day of March, 2025.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE