UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No.  CR-24-450-R |
| | ) |
| ANTWON MONTRELL JACKSON, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant Jackson's Amended Motion to Suppress Evidence Obtained from Illegal Search Warrant and Subsequent Search of Samsung Galaxy A03s [Doc. No. 112].[1] The United States responded in opposition [Doc. No. 122].

The Second Superseding Indictment [Doc. No. 67] in this case charges Defendant with Conspiracy to Commit Child Sex Trafficking, Child Sex Trafficking, and Obstruction of Sex Trafficking Enforcement. The charges are supported, at least in part, by evidence found during the execution of a search warrant for a Samsung Galaxy A03s phone. In his amended motion, Defendant seeks to suppress all evidence obtained pursuant to the search warrant and all evidence gleaned or collected from the search of the phone. He argues that the affidavit submitted in support of the search warrant contains misleading statements and material omissions that undermine a finding of probable cause to believe that the Samsung Galaxy phone belonged to Mr. Jackson or that evidence could be located on the phone.

---

[1] Defendant filed an amended motion that deleted or modified arguments made in his initial motion to suppress. Because Defendant filed an amended motion, his initial Motion to Suppress Evidence [Doc. No. 106] is DENIED as moot.

The Fourth Amendment states that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. Const. amend. IV. The sufficiency of an affidavit upon which a warrant is issued is evaluated "by looking at the totality of the circumstances and simply ensuring 'that the magistrate had a substantial basis for concluding that probable cause existed.'" *United States v. Tisdale*, 248 F.3d 964, 970 (10th Cir. 2001) (quoting *Illinois v. Gates*, 462 U.S. 213, 238–39 (1983)). "Probable cause means that 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *Id.* (quoting *Gates*, 462 U.S. at 238).

However, "[a] search warrant must be voided and the fruits of the search suppressed where a court (1) finds that the affiant knowingly or recklessly included false statements in or omitted material information from an affidavit in support of a search warrant and (2) concludes, after excising such false statements and considering such material omissions, that the corrected affidavit does not support a finding of probable cause." *United States v. Garcia-Zambrano*, 530 F.3d 1249, 1254 (10th Cir. 2008) (citing *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978)). With respect to the second component, the court's task is essentially to "ask whether a warrant would have issued in a but-for world where the attesting officer faithfully represented the facts." *United States v. Herrera*, 782 F.3d 571, 575 (10th Cir. 2015). "If so, the contested misstatement or omission can be dismissed as immaterial" and the motion to suppress denied. *Id.*

The affidavit in support of the search warrant in this case indicates that police department officers responded to a "disturbance" at an apartment complex on July 29, 2024 [Doc. No. 112-1 at p. 3]. Jane Doe and Mr. Jackson were located inside the apartment. Ms.

2

Doe's mother was also at the scene and she obtained Ms. Doe's cell phone and the Samsung Galaxy phone, which she believed belonged to Mr. Jackson. *Id.* Ms. Doe's mother looked in Ms. Doe's phone and observed messages between Ms. Doe, Mr. Jackson, and a co-defendant, Ms. Holland. *Id.* The affidavit then states that the messages appeared to be Mr. Jackson and Ms. Holland discussing Ms. Doe and commercial sex activities. *Id.* Excerpts of several messages are included in the affidavit. *Id.* at 4. In addition to these statements, the affidavit describes an interview on July 31, 2024 with Ms. Doe where she stated that Mr. Jackson and Ms. Holland trained her on how to safely conduct commercial sex dates and that the money earned through commercial sex dates went to Mr. Jackson, via Ms. Holland. *Id.* at 4. The affidavit also describes an interview with Ms. Holland on August 1, 2024, where she stated that Mr. Jackson "forced her" to post an advertisement for Ms. Doe and she sent payments from commercial sex dates to Mr. Jackson. *Id.* at 4-5. The affidavit indicates that Ms. Holland permitted the affiant to look at her text messages, which included the same text messages that were previously referenced. *Id.*

Mr. Jackson identifies a number of alleged misstatements or omissions in the affidavit that he argues cast doubt on the probable cause finding and warrant a hearing on the veracity of the affidavit. More specifically, he notes that body camera footage from the responding officers did not reveal any "disturbance" at the apartment, details about other persons and conversations that occurred at the apartment complex were omitted, and dates and specific numbers for the text messages are not included in the affidavit. He also points out that the affidavit confusingly suggests that the text messages that were included as excerpts were the ones Jane Doe's mother viewed and showed the officers, when in fact

3

these messages were provided by someone else and reflect only a conversation between Ms. Holland and who the affiant believes is Mr. Jackson. On this last issue, the United States concedes that the source of the text messages excerpted in the affidavit needs clarifying, although it maintains that this does not fatally affect the probable cause finding.

The Court concludes that a hearing on the motion is not necessary because, even if information concerning the disputed text messages was excised from the affidavit and the omissions identified by Defendant were considered, the corrected affidavit would support a finding of probable cause.[2] The affidavit includes statements from interviews with Ms. Doe and Ms. Holland which provide a substantial basis to conclude that Mr. Jackson was involved in sending Ms. Doe on commercial sex dates and used access to computers to facilitate the conduct. Further, the Samsung Galaxy phone was found in the apartment where Mr. Jackson was located and the officers were told that the phone belonged to Mr. Jackson, which is sufficient for the purposes of probable cause to link Mr. Jackson to the phone.

Accordingly, for the reasons set forth above, Defendant Jackson's Amended Motion to Suppress Evidence [Doc. No. 112] is DENIED.

---

[2] A hearing is not necessary where, as here, there are no relevant facts in dispute or no material omissions in the affidavit. *See United States v. Pettigrew,* 468 F.3d 626, 638 (10th Cir. 2006) ("An evidentiary hearing may be appropriate when there are material facts in dispute relevant to the motion to suppress,…but here, the Government conceded the facts as related by [the defendant]."); *United States v. Ingram*, 720 F. App'x 461, 470 (10th Cir. 2017) (affirming district court's denial of *Franks* hearing because, even if the affiant acted with deliberate or reckless disregard for the truth, "the omission wasn't material").

IT IS SO ORDERED this 31st day of March, 2025.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE